

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, § § § | |
| Plaintiff, § | **H-05 -1268** |
| v. § | C. A. NO. _____ |
| § | |
| ANTHONY MERCIER, SR., ANTHONY MERCIER, JR., CHARLES MERCIER, and MERCIER INSURANCE AGENCY, INC., § § § § § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, American General Life Insurance Company, independently and as successor in interest to The Old Line Life Insurance Company of America ("AGLIC"), by and through its attorneys, files this Complaint against the Defendants, Anthony Mercier, Senior, Anthony Mercier, Junior, Charles Mercier (collectively referred to as the "Merciers"), and Mercier Insurance Agency, Inc. (hereinafter referred to as "Mercier Insurance") (collectively referred to as the "Defendants"), and alleges and says:

### THE PARTIES

1. AGLIC is a life insurance company organized under the laws of, and maintaining a principal place of business in, the State of Texas and is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332.

2. Upon information and belief, Defendant Anthony Mercier, Sr., maintains a primary residence located at 506 Georgia Avenue, #206, North Augusta, South Carolina 29841 and is a citizen of the State of South Carolina within the meaning and intent of 28 U.S.C. § 1332. Defendant Anthony Mercier, Sr. may be served with process by serving the Texas Secretary of

State, as his agent for service, at P.O. Box 12079, Austin, Texas 78711-2079, Travis County, Texas. Anthony Mercier, Sr., conducted business in Texas but does not maintain a regular place of business in Texas or a designated, registered agent for service of process, and this suit arose, in part, out of his business in Texas. Thus, under Section 17.044(b) of the Texas Civil Practice and Remedies Code, the Texas Secretary of State is a proper agent for service of process in this action. The Secretary of State may serve Anthony Mercier, Sr. at 506 Georgia Avenue, #206, North Augusta, South Carolina 29841.

3. Upon information and belief, Defendant Anthony Mercier, Jr., maintains a primary residence located at 85 Cheves Creek Road, North Augusta, South Carolina 29860, and is a citizen of the State of South Carolina within the meaning and intent of 28 U.S.C. § 1332. Defendant Anthony Mercier, Jr. may be served with process by serving the Texas Secretary of State, as his agent for service, at P.O. Box 12079, Austin, Texas 78711-2079, Travis County, Texas. Anthony Mercier, Jr., conducted business in Texas but does not maintain a regular place of business in Texas or a designated, registered agent for service of process, and this suit arose, in part, out of his business in Texas. Thus, under Section 17.044(b) of the Texas Civil Practice and Remedies Code, the Texas Secretary of State is a proper agent for service of process in this action. The Secretary of State may serve Anthony Mercier, Jr. at 85 Cheves Creek Road, North Augusta, South Carolina 29860.

4. Upon information and belief, Defendant Charles Mercier maintains a primary residence located at 609 San Salvadore Drive, North Augusta, South Carolina 29841, and is a citizen of the State of South Carolina within the meaning and intent of 28 U.S.C. § 1332. Defendant Charles Mercier may be served with process by serving the Texas Secretary of State, as his agent for service, at P.O. Box 12079, Austin, Texas 78711-2079, Travis County, Texas.

Charles Mercier conducted business in Texas but does not maintain a regular place of business in Texas or a designated, registered agent for service of process, and this suit arose, in part, out of his business in Texas. Thus, under Section 17.044(b) of the Texas Civil Practice and Remedies Code, the Texas Secretary of State is a proper agent for service of process in this action. The Secretary of State may serve Charles Mercier at 609 San Salvadore Drive, North Augusta, South Carolina 29841.

5.   Defendant Mercier Insurance Agency, Inc. is an insurance agency organized under the laws of, and maintains a principal place of business in, the State of South Carolina and is a citizen of the State of South Carolina within the meaning and intent of 28 U.S.C. § 1332. Defendant Mercier Insurance may be served with process by serving the Texas Secretary of State, as its agent for service, at P.O. Box 12079, Austin, Texas 78711-2079, Travis County, Texas. Mercier Insurance conducted business in Texas but does not maintain a regular place of business in Texas or a designated, registered agent for service of process, and this suit arose, in part, out of business in Texas. Thus, under Section 17.044(b) of the Texas Civil Practice and Remedies Code, the Texas Secretary of State is a proper agent for service of process in this action. The Secretary of State may serve Mercier Insurance at 506 Georgia Avenue, North Augusta, South Carolina 29841.

## JURISDICTION AND VENUE

6.   AGLIC and the Defendants are citizens of different states and, as more fully set out below, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Therefore, this Court has jurisdiction by virtue of 28 U.S.C. § 1332.

7.   Additionally, AGLIC has brought this action, in part, pursuant to the Civil Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1961, *et. seq.* As a result, this Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

8.   Venue is proper in this District since AGLIC's principal place of business and home office are both located within this jurisdiction and a substantial part of the acts or omissions giving rise to this dispute occurred in Houston, Texas.

### FACTUAL BACKGROUND

9.   The Merciers were each, at one time, agents authorized to sell AGLIC life insurance products pursuant to individual contracts with AGLIC.

10.  The Merciers worked at and ran Mercier Insurance. Anthony Mercier, Sr. served as the registered agent, Anthony Mercier, Jr. served as the Chief Executive Officer and Secretary, and Charles Mercier served as the Chief Financial Officer.

11.  AGLIC began an investigation into the policies sold by the Merciers in 2003. AGLIC discovered that many of the policies sold by the Merciers listed (1) false medical histories, (2) false addresses, (3) fictitious driver's license numbers, (4) false social security numbers, (5) false dates of birth; and/or (6) a false net worth of the putative owners, insureds and applicants. Additionally, the policies or applications often failed to disclose (1) current and prior life insurance policies held by the putative insureds, (2) that the putative insureds or owners used more than one social security number, and/or (3) that the putative insureds or owners used several aliases.

12.  AGLIC also discovered that several putative insureds did not actually apply for the insurance and/or appear for the medical examination. In other words, the Defendants knowingly or negligently allowed an imposter to complete the application and/or the medical examination.

13.  As a result of the Defendants' misconduct, AGLIC issued millions of dollars in life insurance coverage that it otherwise would not have issued or would have only issued on materially different terms. The Defendants, individually or collectively, either worked with the

applicants and the paramedical examiners to deceive AGLIC by not providing it with truthful information or negligently permitted false and misleading information to be reported to American General.

14. AGLIC has been damaged as a result of Defendants' misconduct.

### COUNT ONE: BREACH OF CONTRACT

15. AGLIC incorporates paragraphs numbered 9 through 14 as if fully set forth herein.

16. All conditions precedent to recovery under breach of contract have occurred.

17. In becoming an authorized agent of AGLIC, each of the Merciers acknowledged that they received and reviewed the Customer Service and Compliance Manual for Producers and Employees for the American General Life Companies and/or the Operations Manual. In this acknowledgement, the Merciers agreed to abide by all principles contained in these manuals. Each of the Merciers were also obligated to comply with the terms and conditions of their contracts with AGLIC.

18. The Defendants each breached their contractual obligations with AGLIC by the above referenced acts or misconduct.

19. The Defendants' breach of contract caused AGLIC injury because AGLIC (1) issued fraudulently procured life insurance policies, (2) provided commissions to the Defendants on such life insurance policies, (3) investigated each of the policies sold by the Defendants, (4) incurred legal fees in rescinding many of the life insurance policies issued by the Defendants, (5) incurred risk on fraudulently procured policies not subject to rescission, and (6) paid death benefits to policy beneficiaries on fraudulently procured policies.

## COUNT TWO: BREACH OF FIDUCIARY DUTY

20. AGLIC incorporates paragraphs numbered 9 through 19 as if fully set forth herein.

21. As authorized agents of AGLIC, each of the Defendants owed a fiduciary duty to AGLIC.

22. The Defendants each breached their fiduciary obligations to AGLIC by:

(a) Failing to provide AGLIC with their loyalty and good faith and instead working with third parties to deceive AGLIC into issuing policies based on false information;

(b) Failing to refrain from self dealing;

(c) Failing to act with integrity in selling AGLIC policies; and

(d) Failing to provide AGLIC with a full disclosure by concealing matters that would have affected AGLIC's issuance of millions of dollars in life insurance coverage.

23. The Defendants have inflicted injury on AGLIC as evidenced by the issuance of millions of dollars in life insurance coverage based on false information, a significant portion of which AGLIC can no longer rescind due to state contestability laws. AGLIC has incurred investigative and legal fees in its discovery of the Defendants' negligence or deception and the rescission of numerous life insurance policies. Additionally, AGLIC incurred injury by paying commissions to the Defendants for the sale of policies issued as a result of the Merciers' negligent or deceptive conduct.

## COUNT THREE: COMMON LAW FRAUD

24. AGLIC incorporates paragraphs numbered 9 through 23 as if fully set forth herein.

25. The Defendants each made material misrepresentations to AGLIC when they individually or collectively presented life insurance applications containing false or misleading information to AGLIC.

26. The Defendants each knew that the representations on the applications were false or made recklessly without knowledge of the truth of their assertions.

27. The Defendants each intended for AGLIC to act on the misrepresentations contained in the policy applications and/or paramedical examinations.

28. AGLIC relied on the misrepresentations and, based on the misrepresentations, issued life insurance coverage that it otherwise would not have issued or would have issued on materially different terms.

29. AGLIC has suffered injury at the hands of the Defendants as a result of the fraud by having to expend its resources to (1) issue fraudulently procured life insurance policies, (2) provide commissions to the Defendants on such life insurance policies, (3) investigate each of the policies sold by the Defendants, (4) incur legal fees in rescinding many of the life insurance policies issued by the Defendants, (5) incur risk on fraudulently procured policies not subject to rescission, and (6) pay death benefits to policy beneficiaries on fraudulently procured policies.

### COUNT FOUR: NEGLIGENT MISREPRESENTATION

30. AGLIC incorporates paragraphs numbered 9 through 29 as if fully set forth herein.

31. The Defendants each made negligent misrepresentations to AGLIC.

32. Specifically, in presenting the life insurance policies to AGLIC for acceptance, the Defendants were making representations in the course of their business as authorized agents for AGLIC life insurance products.

33. The Defendants each had a direct interest in seeing that the policies presented were accepted by AGLIC so that they would obtain commission on such policies.

34. In presenting the policies, the Defendants each presented false or incorrect information to AGLIC for use in determining whether to issue the policies.

35. The Defendants each failed to exercise reasonable care or competence in obtaining or communicating the correct information to AGLIC.

36. AGLIC relied on the many misrepresentations contained in the policy applications and paramedical examinations presented in determining whether the policy insureds and policy owners presented an acceptable risk. As authorized AGLIC agents, it was the Defendants' duty to insure that correct and accurate information was presented to AGLIC during the application process. AGLIC justifiably relied on the information presented by its agents.

37. Due to the Defendants' negligent misrepresentations, AGLIC suffered injury by having to expend its resources in (1) issuing fraudulently procured life insurance policies, (2) providing commissions to the Defendants on the fraudulently procured life insurance policies, (3) investigating each of the policies sold by the Defendants, (4) legal fees incurred in rescinding many of the life insurance policies issued by the Defendants, (5) incurring risk on fraudulently procured policies not subject to rescission, and (6) paying death benefits to policy beneficiaries on fraudulently procured policies.

### COUNT FIVE: CONSPIRACY

38. AGLIC incorporates paragraphs numbered 9 through 37 as if fully set forth herein.

39. The Defendants' objective was, in part, to sell AGLIC life insurance policies based on material misrepresentations and/or omissions contained in the life insurance applications and/or the paramedical examinations.

40. It was the Defendants' intent to work together to defraud AGLIC into issuing life insurance coverage on which they would receive commissions.

41. As a result of this commitment to one another, the Defendants sold fraudulently procured AGLIC policies.

42. AGLIC has suffered injury due to the Defendants' conspiracy to defraud AGLIC and the Defendants' agreement to breach their fiduciary duty owed to AGLIC by having to expend its resources and (1) issue fraudulently procured life insurance policies, (2) provide commissions to the Defendants on such life insurance policies, (3) investigate each of the policies sold by the Defendants, (4) incur legal fees in rescinding many of the life insurance policies issued by the Defendants, (5) incur risk on fraudulently procured policies not subject to rescission, and (6) pay death benefits to policy beneficiaries on the fraudulently procured policies.

### COUNT SIX: CIVIL RICO VIOLATIONS

43. AGLIC incorporates paragraphs numbered 9 through 42 as if fully set forth herein.

44. The Defendants sold millions of dollars in fraudulently procured life insurance coverage to individuals in South Carolina, Tennessee, Mississippi, Georgia, Wisconsin, Florida and Illinois.

45. The Merciers sold these life insurance policies through Mercier Insurance and their authorized agency relationships.

46. The sale of fraudulent life insurance policies through Mercier Insurance and the Merciers' agency relationships with AGLIC to individuals from seven states constitutes a pattern of racketeering activity affecting interstate commerce by the Defendants under 18 U.S.C. § 1962(b).

47. Each of the Merciers held a controlling interest in Mercier Insurance. AGLIC suffered injury from Mercier Insurance and the Merciers' agency relationships with AGLIC.

48. Additionally, by becoming authorized agents of AGLIC, the Merciers conspired to violate 18 U.S.C. § 1962(b) in violation of 18 U.S.C. § 1962(d).

49. AGLIC has suffered injury due to the Defendants' civil RICO violations by having to expend its resources to (1) issue fraudulently procured life insurance policies, (2) provide commissions to the Defendants on such life insurance policies, (3) investigate each of the policies sold by the Defendants, (4) incur legal fees in rescinding many of the life insurance policies issued by the Defendants, (5) incur risk on fraudulently procured policies not subject to rescission, and (6) pay death benefits to policy beneficiaries on fraudulently procured policies.

### DAMAGES

50. AGLIC incorporates paragraphs numbered 9 through 49 as if fully set forth herein.

51. Defendants are jointly and severally liable for the damages suffered by AGLIC.

52. AGLIC seeks economic damages in the amount spent because the Defendants' misconduct caused AGLIC to (1) issue fraudulently procured life insurance policies, (2) provide commissions to the Defendants on such life insurance policies, (3) investigate each of the policies sold by the Defendants, (4) incur legal fees in rescinding many of the life insurance policies issued by the Defendants, (5) incur risk on fraudulently procured policies not subject to rescission, and (6) pay death benefits to policy beneficiaries on fraudulently procured policies.

53. AGLIC further seeks exemplary damages due to the Defendants' intent in breaching their fiduciary duty by conspiring to present fraudulent life insurance applications and/or paramedical examinations to AGLIC in their attempt to sell fraudulent life insurance policies.

54. AGLIC also seeks to have all economic damages trebled as a result of Defendants' civil RICO violations as provided in 18 U.S.C. § 1964(c).

55. As a result of Defendants' individual and collective fraud, breach of contract and civil RICO violations, AGLIC seeks attorneys' fees, costs of court, and applicable interest.

56. Finally, AGLIC seeks such other and further relief, at law or in equity, to which AGLIC may be justly entitled.

### PRAYER

WHEREFORE, American General Life Insurance Company demands judgment against Anthony Mercier, Sr., Anthony Mercier, Jr., Charles Mercier, and Mercier Insurance Agency, Inc.

April 14, 2005

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: *David McDowell / AMB*
David McDowell
Southern District Bar No. 18464
State Bar No. 00791222

Attorney-In-Charge
South Tower Pennzoil Place
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 (Telephone)
(713) 221-1212 (Telecopier)

OF COUNSEL:

Amy Boyea
Southern District Bar No. 27250
State Bar No. 24026910

Kirsten Barron Cohoon
Southern District Bar No. 32161
State Bar No. 24034382

BRACEWELL & GIULIANI LLP
South Tower Pennzoil Place
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 (Telephone)
(713) 221-1212 (Telecopier)

                                      ATTORNEYS FOR PLAINTIFF AMERICAN
                                      GENERAL LIFE INSURANCE COMPANY

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
American General Life Insurance Company

**DEFENDANTS**
Anthony Mercier, Sr., Anthony Mercier, Jr., Charles Mercier, and Mercier Insurance Agency, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Harris, Texas**
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Aiken, South Carolina**
(IN U S PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

United States Courts
Southern District of Texas
FILED
APR 14 2005
Michael N. Milby, Clerk of Court

**(c)** Attorney's (Firm Name, Address, and Telephone Number):
David McDowell, Amy Boyea, Kirsten Cohoon; Bracewell & Giuliani LLP, 711 Louisiana St., Ste 2300, Houston, TX 77002, 713-221-2300

Attorneys (If Known): Not known.

H-05-1268

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U S Government Plaintiff
- ☐ 2 U S Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
28 U.S.C. 1332; 18 U.S.C. 1961

Brief description of cause:
Breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, conspiracy, RICO

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C.P. 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: April 14, 2005
SIGNATURE OF ATTORNEY OF RECORD: David A. McDowell

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.